1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Phillip Alden Smith,                    )   No. CIV 07-197-PHX-NVW (GEE)
                                            )
10              Petitioner,                 )   **REPORT AND RECOMMENDATION**
                                            )
11  vs.                                     )
                                            )
12  Robert Stewart; et al.,                 )
                                            )
13              Respondents.                )
                                            )
14  _____        )

15

16          On January 29, 2007, Phillip Alden Smith, an inmate currently confined in the Arizona

17  State Prison Complex in Florence, AZ, filed a Petition for Writ of Habeas Corpus pursuant to

    Title 28, United States Code, Section 2254.  He filed an amended petition on March 14, 2007.

18  (Petition.);  [doc. #5]   Before the court are the amended petition, the respondents' answer and

19  Smith's reply.

20          Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate

21  Judge Edmonds for report and recommendation.  The Magistrate Judge recommends the District

22  Court, after its independent review of the record, enter an order dismissing the Petition for Writ

23  of Habeas Corpus. It is time-barred.

24

25          Summary of the Case

26          On April 3, 1997, Smith pleaded guilty in Maricopa County Superior Court to one count

27  of sexual conduct with a minor and one count of attempted sexual conduct with a minor.

28

1  (Respondents' answer, p. 2.)  On May 30, 1997, the trial court imposed a sentence of 25 years'

2  imprisonment plus a term of community supervision for the first offense and lifetime probation

3  for the second offense.  *Id.*, p. 3.

4       On June 12, 1997, Smith filed a motion to modify the restitution award.  *Id.*, Exhibit J.

5  On September 24, 1997, the trial court granted the motion, vacated the original restitution order

6  issued on May 30, 1997, and substituted another order "nunc pro tunc."  *Id.*

7       On February 24, 1998, Smith filed in state court his first notice of post-conviction relief.

8  *Id.*, p. 3.  The trial court dismissed the notice as untimely on March 9, 1998.  *Id.*, pp. 3-4.

9       On July 30, 2003, Smith filed a motion requesting that the court exercise its discretion

10  and waive the term of community supervision from his 25-year sentence.  *Id.*, p. 4.   The trial

11  court denied the motion.  *Id.*

12       On September 30, 2003, Smith filed a motion for correction of defective

13  indictment/sentence arguing that a term of community supervision cannot follow a sentence of

14  25 years flat time.  *Id.*  The trial court construed the motion as a motion for reconsideration and

15  denied it.  *Id.*  Smith filed a special action petition with the Arizona Court of Appeals, but it was

16  denied.  *Id.*  The state then filed a response conceding the issue.  *Id.*

17       On December 12, 2003, Smith filed a motion for reconsideration, which the trial court

18  granted.  *Id.*  On January 5, 2004, the trial court amended its judgment of May 30, 1997, nunc

19  pro tunc, eliminating the requirement of community supervision as part of his 25-year sentence.

20  The remainder of the judgment was left unchanged.  *Id.*, Exhibit V.

21       On February 25, 2004, Smith filed a second notice of post-conviction relief.  *Id.*, p. 5.

22  He argued the trial court erred by sentencing him to lifetime probation for an attempt crime.

23  *Id.*  The trial court dismissed the notice on March 18, 2004 as untimely.  *Id.*  Smith's petition

24  for review was denied by the Arizona Court of Appeals on May 26, 2005.  *Id.*, Exhibit Z.  Smith

25  petitioned the Arizona Supreme Court, but it denied review on March 9, 2006.  *Id.*, Exhibit BB.

26       On January 29, 2007, Smith filed a pro se Petition for Writ of Habeas Corpus pursuant

27  to Title 28, United States Code, Section 2254.  He filed an amended petition on March 14, 2007.

28  He claims (1) his sentence of lifetime probation violates the Eight Amendment as cruel and

1  unusual punishment and (2) his due process rights were violated when, on March 18, 2004, the

2  state court summarily denied his notice of post-conviction relief filed on February 25, 2004,

3  which raised the Eighth Amendment issue.  In their answer, the respondents argue the petition

4  is time-barred.

5          The petition should be dismissed; it is time-barred.

6

7          Discussion

8          The writ of habeas corpus affords relief to persons in custody in violation of the

9  Constitution or laws or treaties of the United States.  28 U.S.C. § 2241.  A one-year limitation

10  period applies to persons in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d).

11  The statute of limitations reads in pertinent part as follows:

12          (1)     A 1-year period of limitation shall apply to an application for a writ of
                    habeas corpus by a person in custody pursuant to the judgment of a State
13                  court.  The limitation period shall run from the latest of--

14                  (A)     the date on which the judgment became final by the conclusion of
                            direct review or the expiration of the time for seeking such review;
15

16                                          *   *   *

17                  (D)     the date on which the factual predicate of the claim or claims
                            presented could have been discovered through the exercise of due
18                          diligence.

19
            (2)     The time during which a properly filed application for State
20                  post-conviction or other collateral review with respect to the pertinent
                    judgment or claim is pending shall not be counted toward any period of
21                  limitation under this subsection.

22  28 U.S.C. § 2244(d).

23          The court must apply the limitation period to the two grounds for relief separately.

24  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 n. 6 (2005).  The limitation period for the Eighth

25  Amendment claim began to run when Smith's judgment became final.  The limitation period

26  for the due process claim began when the facts underlying the claim became known.

27          In his first ground for relief, Smith argues his sentence of lifetime probation violates the

28  Eight Amendment as cruel and unusual punishment.  Smith was sentenced on May 30, 1997.

1    He had 90 days to file notice of his Rule 32 of-right petition.  Ariz.R.Crim.P. 32.4(a).  He did

2    not file a timely notice, so his judgment became final when the deadline passed on August 28,

3    1997.  *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007)  ("AEDPA's one-year statute of

4    limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and

5    review of that proceeding, or until the expiration of the time for seeking such proceeding or

6    review.").

7         The limitation period did not begin running at this time however because Smith's motion

8    to modify the restitution award was then pending.  *See* 28 U.S.C. § 2244(d)(2).  Statutory tolling

9    extended until September 24, 1997, when the trial court granted the motion.  The limitation

10   period began to run the next day and expired one year later on September 24, 1998. The instant

11   petition was filed on January 29, 2007.  The first ground for relief is time-barred and should be

12   dismissed.

13        Smith's first notice of post-conviction relief, filed on February 24, 1998, did not toll the

14   limitation period because the notice was untimely.   *See Pace v. DiGuglielmo*,  544 U.S. 408,

15   417, 125 S.Ct. 1807, 1814 (2005)  (An untimely petition for post-conviction relief is not

16   "properly filed" and does not toll the limitation period under § 2244(d)(2).)

17        Smith argues the limitation period for his first ground for relief started not when his

18   judgment became final, but when he discovered the "factual predicate" to his claim.  *See* 28

19   U.S.C. § 2244(d)(1)(D).   This, he argues, occurred when he filed his motion to waive

20   community supervision because it was during this time that he discovered his lifetime term of

21   probation was illegal.  Smith, however, incorrectly construes the term, "factual predicate."

22        The term "factual predicate" refers to the facts underlying a claim, not the legal

23   significance of those facts.  *Hasan v. Galaza*,  254 F.3d 1150, 1154 n. 3 (9th Cir. 2001).  Here,

24   the factual predicate would include the offense of conviction, attempted sexual conduct with a

25   minor, and the imposed penalty, lifetime probation.  These facts were known to Smith at his

26   sentencing.   The legal significance of these facts became clear to Smith only later.

27   Unfortunately, the limitation period is not delayed until the time the petitioner discovers his

28   legal theory. *See also Shannon v. Newland*,  410 F.3d 1083, 1089 (9th Cir. 2005), *cert. denied*,

- 4 -

546 U.S. 1171 (2006) ("[A] state-court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim.").

Smith further argues the limitation period was tolled when he filed his first petition for post-conviction relief because the trial court erred when it held this petition was untimely. This court does not agree.

The trial court held Smith's petition was filed after the 90-day deadline and failed to fall within the exception described in Ariz.R.Crim.P. 32.1(f). The trial court did not err. *See also Moreno v. Gonzalez*, 192 Ariz. 131, 134, 962 P.2d 205, 208 (1998) (providing retrospective support for the trial court's decision). Smith does not dispute that his petition was filed after the 90-day deadline. Moreover, Smith concedes it was "technically and procedurally impossible" at that time to successfully raise the Rule 32.1(f) exception after a plea of guilty. (Petitioner's reply, p. 4.) Smith's petition was therefore untimely under state law. It did not toll the limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (If the state court found the petition was untimely under state law "that would be the end of the matter. . . .").

Moreover, even if this petition were timely filed and the limitation period were tolled, the Eighth Amendment claim would still be time-barred. Smith's petition was pending only between February 24, 1998 and March 9, 1998. If the limitation period were tolled during this time, the limitation period would have expired 14 days later than previously calculated (see above), and the instant petition would still be time-barred.

The limitation period for Smith's due process claim began on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). Smith argues in this ground for relief that the trial court erred when it summarily denied his post-conviction relief petition without subjecting it to a proper three part test pursuant to Ariz.R.Crim.P. 32.6(c). The factual basis for this claim accrued, at the latest, when the trial court dismissed the second notice of post-conviction relief as untimely on March 18, 2004. The limitation period began to run the

next day and expired one year later on March 18, 2005. The instant petition was filed on January 29, 2007.  The due process claim is time-barred and should be dismissed.

The limitation period was not tolled while Smith appealed the trial court's denial of his second notice of post conviction relief.  His second notice of post-conviction relief was not timely so he did not have a "properly filed" application pending at this time.  *See* 28 U.S.C. § 2244(d)(2).

Smith argues his second petition was properly filed pursuant to Ariz.R.Crim.P. 32.1(e), (f), and (g).  This court is not convinced.  These exceptions allow a defendant to bring an untimely post-conviction relief petition if newly discovered material facts exist or if there is a significant change in the law.  As the court discussed above, Smith did not discover any new facts.  He simply discovered a new legal theory that applied to facts he already knew.  Similarly, the law did not change; Smith's understanding of the law changed.

Moreover, even if Smith's second ground for relief were timely presented, this court could not grant relief.  He does not raise a cognizable claim.  Smith argues the trial court erred when it summarily denied his second post-conviction relief petition without subjecting it to a proper three part test pursuant to Ariz.R.Crim.P. 32.6(c).  Habeas relief, however, does not lie for errors in the state's post-conviction relief process. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir.1989), *cert. denied*, 493 U.S. 1012 (1989);  *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997)  ("[The petitioner] may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process.); *see, e.g., Poland v. Stewart*,  169 F.3d 573, 584 (9th Cir. 1999), *cert. denied*, 528 U.S. 845 (1999)  (The district court had no jurisdiction over the petitioner's claim that the trial court improperly applied Ariz.R.Crim.P. 32.2.).


RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition as time-barred.  [doc. #5]

1

2

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation.  If objections are not timely filed, the right to de novo review may be deemed waived.

3

4

5

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

6

DATED this 7th day of November, 2007.

7

8

9

10

11

Glenda E. Edmonds
United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28